UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK          **CHAPTER7**

.................................................X

Case No.1-06-42804-if

In Re:

**YUDA ZAVLANOV,**

Defendant(Debtor)

.................................................X          **COMPLAINT**

**RAJENDA BAFNA,**
**KGK JEWELRY**

Plaintiff (creditor)          **ADV. NO #**

-against-          **Case assigned to:**

**YUDA ZAVLANOV,**          **Hon. J. Feller**

Defendant(Debtor)

.................................................X

Plaintiff, RAJENDA BAFNA, KGK JEWELRY , a Creditor in the above captioned

matter submit this complaint against YUDA ZAVLANOV ,the debtor,

respectfully allege as following:

## NATURE OF ADVERSARY PROCEEDING

1.          I am Plaintiff and am fully familiar with the facts and circumstances

surrounding the above caption matter.

2.          I submit this adversary proceeding objecting to debtor's discharge

pursuant to 11  U.S. C. sections :

727(a)(4)(A), 727(a)(5) and Rule7001(4) of Federal Rules of bankruptcy Procedure, and

seeks an exception to the discharge ability of the debt due and owing from the \Debtor to

Plaintiff pursuant to 11 U.S.C. sections:

523(a)(2)(A),523(a)(4) ,523(a)(6) and 7001(6)of Federal Rules of bankruptcy Procedure.

Moreover Plaintiff seeks a Judgment against the Debtor based on the fraudulent acts

committed by the debtor together with any all interest and such other and further relief as

the Court my deem just and proper.

## JURISDICTION AND VENUE

3.        The Court has jurisdiction over the instant adversary proceeding

pursuant to 28 U.S.C. § § 157 and 1334.

4.        This adversary proceeding is a core proceeding as defined under 28

U.S.C. §§§ 157(b)(2)(H),(I) and (J)

5.        Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

6.        This is an adversary proceeding in which the Plaintiff seeks to have the

Court deny the discharge of the debtor and seeks an exception to the discharge ability of the

debt due and owing from the Debtor to Plaintiff.

## PARTIES

7.        Plaintiff(Creditor), KGK JEWELRY, is an individual company located at

36 W  44th Street 13 Floor New York, NY 10036

8.          Defendant (Debtor), YUDA ZAVLANOV is an individual resident at 98-41 64th Road APT# 5H Rego Park, NY 11374

## BACKGROUND

9.          At all relevant times, Debtor was the officer of Turkmenistan Import-Export ("T.I.E.")

10.          Prior to now , Debtor was and is employee of T.I.E

11.          Prior to. now, T.I.E is engaged  in the business of wholesale loose diamond and jewelry.

12.          Upon information and belief the story started a while ago when Debtor and his cohort (Steve Katayev) ran T.I.E. and took $33,549.00 worth of goods(i.e. precious loose diamonds), from the Plaintiff (see Exhibit A).

13.          Unbeknown to the Plaintiff, the Debtor and his aforementioned cohort contemporaneously  took merchandise from a host of other companies amassing millions dollars worth of debt.

14.          Shortly thereafter, Debtor faxed to Plaintiff a police report with black mark on the amount of Police  Report  and claimed he was victim of robbery and lost of more than a million dollars.

15.      On or about June 10,  2006, the Plaintiff herein commenced an action in the Supreme Court of New York, New York County, under the caption <u>KGK Jewelry</u> (The"Related Action") against defendants Yuda Zavlanov, TIE and Steve Katayev.

16.      On August 8, 2006 (the "the Filing Date"), the Debtor filed a voluntary petition in accordance with chapter 7 of Title 11 United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York, Plaintiff's name was not in Debtor's  Schedule.

17.      By Notice of Appointment dated August 8, 2006, David J. Doyaga was appointed Chapter 7 trustee( Plaintiff receive notice from other Creditor).

18.      Pursuant to the Notice of the Court dated August 8, 2006, the last day to object to Debtor 's discharge was fixed for November 7, 2006.

## FACTUAL ALLEGATION APPLICABLE TO ALL CLAIMS FOR RELIEF.

19.      During the Creditors meeting held September 8, 2006 the debtor hired both able counsel and a Russian linguist.

20.      During the September 8th Creditors meeting the Trustee advised the debtor of the consequences for giving perjured testimony.

21.      Nevertheless, the debtor gave false testimony from start to finish:

(a)      For example, the plaintiff alludes to the debtor testimony that on February 15, 2006 he filed a police report claiming a loss of a million dollars or more as he was a

victim of a theft where he claimed he left unattended precious gems in his vehicle.

(b).        This perjured testimony pales in light of the fact that the plaintiff has obtained a true copy of the police report in question where the debtor actually filed the report in the amount of $1,000(see exhibit B)

(c).        Upon information and belief, if Police Officer Wilson, of the Philadelphia Police Department if Subpoenaed , she would lay to rest any discrepancies as to actual amount Debtor gave when filing the police report in question on February 15 2006 .

(d).        To make matters worst, mere   days before  the Robbery of February 15, 2006 the Defendant  and his cohort conspired  to negotiate  millions dollars worth of merchandise from other similarly situated companies that dealt in loose diamonds and precious gems via Memorandum/ Invoices.

(e).        Further, among other things, the Debtor, testified, that Steve Katayev was a mere buyer, which is far cry from when the Debtor and his cohort( Steve Katayev) ,negotiated the matter Mr.,Katayev bragged about  his high ranking status at Turkmenistan Import-Export.

(f).        At his own peril, the debtor testified that he  did not engage in any other transactions after February 15, 2006, which can be clearly refuted by proof of memos/invoices from other companies after February 15, 2006,(exhibit C)

(g).        Contrary to  § 521 (1) the  debtor violated the aforementioned law  by omitting his total liabilities  in schedule F when he certified his  voluntary chapter 7 petition.

Unexplainably , Plaintiff and other companies such as Zen Diamond and  Jewel Goldi(over hundred thousand dollar)were not listed.(see exhibit D).

(h).        As result of  poignant questions poised  by the creditors at the September 8, 2006 meeting, the defendant  inadvertently revealed the existence of another company, named S & Y Diamond of NY Inc. Which only further illustrates  the Debtor disdain for the law. This prompted the trustee (i.e. David J. Doyaga) to request documents with regard discrepancies testified to by Debtor (see Exhibit E) However at the second creditors meeting held October 27th, the defendant did  not comply with all of the trustee's requests.

(i).        Unbeknown to the Plaintiff, the  Debtor and his cohort took  merchandise on endorsed  memorandums/ Invoices from Plaintiff purportedly for T.I.E and upon information and belief, the Debtor and his cohort commingled, the Plaintiff goods with S & Y Diamond Inc.


(j).        During the creditors meeting  held September 8th ,2006 the Debtor gave testimony, that he did not have any insurance coverage for the  jewelry.  Which belies the Debtor initial statements when he negotiated obtaining the goods where he said that he was covered by insurance. Significantly, all the transactions done between the Plaintiff and Defendants were  done so in the English language. The defendant veracity was  further undermined when  at the second creditors meeting held October 27th, it was revealed that the defendant had a one on interview in the English language with a representative from an insurance company.

(k).        The debtor lists in schedule B  $500 worth of electronics, clothes, etc .Where upon information and belief information and  belief is replete with false pretenses, well as false

representations. The defendant as a jeweler for numerous years adapted a lifestyle that included numerous bank accounts, fine jewelry, good quality clothes .cellular phones, computers, and so on and so forth. But comparable to a person on welfare,the defendant incredibly listed the paltry sums of $500 in schedule "B" for clothes ,general household furnishings, When it is all added up the plaintiff came up with further instances of false pretenses, false representations by the defendant.

22.    The debtor has failed to explain or provide the plaintiff. et al, with sufficient information to ascertain the deficiency of debtor assets to meet with debtor liabilities. .

23.    Whether or not a debt is listed or scheduled by a debtor may have a bearing on the discharge ability of that debt

## AS AND FOR A FIRST CAUSE OF ACTION

24.    The Plaintiff repeats and realleges each and every allegation contained in the paragraphs of this complaint marked and numbered 1 thought 23 as if set forth herein at length.

25.    Upon information and belief, by falsifying the contents of issue by Philadelphia Police Report, the Debtor knowingly sought to defraud the Plaintiff.

26.    Upon information belief, by the true amount by police report was $1000.00, which further demonstrates criminal contemp by the debtor to defraud Plaintiff

27.    The Defendant's true copy of the Police report, Defendant encompass claim arising out of false pretenses , a false representation, or actual fraud with in meaning of 11

U.S.C. § 523(a)(2)(A).

28.        By reason of the Debtor's actual fraudulent intent to hinder, delay and defraud Plaintiff, the discharge of The Debtor should be precluded, and the debt due and owing to Plaintiff from the Debtor should not be dischargeable.

## AS AND FOR A SECOND CAUSE OF ACTION

29.        The Plaintiff repeats and realleges each and every allegation contained in the paragraphs of this complaint marked and numbered 1 thought 28 as if set forth herein at length.

30.        Upon information and belief, by receiving at the creditors meeting , the Debtor was a knowing participant in scheme to commit against Plaintiff.

31.        Upon information and belief, by receiving at Creditor meeting the Debtor testified, that Steve Katayev  a mere buyer , although at first Debtor presented Steve Katayev as officer of T.I.E. The Debtor assisted his cohort in his attempts to thwart Plaintiff efforts to get Judgment.

32.        Defendant encompass claim arising out of false pretenses , a false representation, or actual fraud with in meaning of 11 U.S.C. § 523(a)(2)(A).

33.        By reason of the Debtor's actual fraudulent intent to hinder, delay and defraud Plaintiff, the discharge of The Debtor should be precluded, and the debt due and owing to Plaintiff from the Debtor should not be dischargeable.

## AS AND FOR THE THIRD CAUSED OF ACTION .

34.     The Plaintiff repeats and realleges each and every allegation contained in the paragraphs of this complaint marked and numbered 1 thought 33 as if set forth herein at length.

35.     Upon information and belief, by receiving at the creditors meeting , the Debtor was a knowing participant in scheme to commit against Plaintiff.

36.     Upon information and belief, by receiving at the creditors meeting , the Debtor gave testimony, that he did not have any insurance coverage for the  jewelry.  Prior to obtainment of the jewelry from the companies he claimed that he had an insurance covering the business and himself.

37.     Defendant encompass claim arising out of false pretenses , a false representation, or actual fraud with in meaning of 11 U.S.C. § 523(a)(2)(A).

38.     By reason of the Debtor's actual fraudulent intent to hinder, delay and defraud Plaintiff, the discharge of The Debtor should be precluded, and the debt due and owing to Plaintiff from the Debtor should not be dischargeable.

## AS AND FOR A FORTH CAUSE OF ACTION

39.     The Plaintiff repeats and realleges each and every allegation contained in the paragraphs of this complaint marked and numbered 1 thought 38 as if set forth herein at length.

40.      Upon information and belief, by receiving at the creditors meeting , the Debtor was a knowing participant in scheme to commit against Plaintiff.

41.      Upon information and belief, by receiving at creditors meeting , the Debtor and his cohort has presence of mind to negotiate that him and his company T.I.E. have been insured and took $33,549.00 worth of merchandise  from Plaintiff. Shortly  before Debtor was claiming of lost of over million dollars.

42.      Upon information and belief, by receiving at Philadelphia Police Report  the Debtor was knowingly participant in scheme to commit fraud or defalcation while acting in fiduciary capacity, embezzlement ,or larceny with meaning of 11 U.S.C.§523(a)(4).

43.      By reason of the Debtor's actual fraudulent intent to hinder, delay and defraud Plaintiff, the discharge of The Debtor should be precluded, and the debt due and owing to Plaintiff from the Debtor should not be dischargeable.

## AS AND FOR FIFTH CAUSE OF ACTION

44.      The Plaintiff repeats and realleges each and every allegation contained in the paragraphs of this complaint marked and numbered 1 thought 43 as if set forth herein at length.

45.      Upon information and belief, by receiving at the creditors meeting , the Debtor was a knowing participant in scheme to commit against Plaintiff.

46.      Upon information and belief , by receiving at Creditors meeting that Steve Katayev The  Debtor took $ 33,549.00 worth of  merchandise (via memorandum/ invoices )from Plaintiff for T.I.E. then unbeknown to the Plaintiff ,transfer those merchandise to S &Y Diamond

of NY, sold them and he collected money under S & Y Diamond of New York , the Debtor knowing participant in scheme to commit fraud against Plaintiff.

47.    By way of forgoing , the Debtor converted sums of money or merchandise rightfully belonging to the plaintiff for his other company (S & Y) or personal used, thereby willfully and maliciously injuring the property of Plaintiff.

48.    The debt from the Debtor to Plaintiff is therefore non dischargeable under 11 U.S.C. §523(a)(6)

### AS AND SIXTH CAUSE OF ACTION

49.    The Plaintiff repeats and realleges each and every allegation contained in the paragraphs of this complaint marked and numbered 1 thought 48 as if set forth herein at length.

50.    Upon information and belief, on or about September 8, 2006,the Debtor Knowingly and fraudulently made a false oath in this case.

51.    Under penalty of perjury, the Debtor gave testimony in Creditors meeting and his testimony was true and correct to the best of Debtor's knowledge, information and belief, when in truth and fact, as the Debtor then well knew, the testimony omitted any reference to the true Philadelphia Police Department's report (see Exhibit B).

52.    Under penalty of perjury, the Debtor gave testimony in Creditors meeting and his testimony was true and correct to the best of Debtor's knowledge, information and belief, when in truth and fact, as the Debtor then well knew, the testimony omitted any reference to he was engaged in transactions after February 15, 2006 as it shows in( see Exhibit C).

53.    Defendant has knowingly and fraudulently, in claim or connection with the case made false oath.

54.    The discharge of the defendant should therefore be denied under § 727(a)(4)(A).

## AS AND FOR A SEVENTH CAUSE OF ACTION

55.    The Plaintiff repeats and realleges each and every allegation contained in the paragraphs of this complaint marked and numbered 1 thought 54 as if set forth herein at.

56.    Upon information and belief, on or about August 08, 2006, the Debtor Knowingly and fraudulently made a false oath in this case.

57.    Under penalty of perjury, the Debtor certified that his schedules file here in were true and correct to the best of Debtor's knowledge, information and belief, when in truth and fact, as the Debtor then well knew, the schedule F omitted any reference to memos/ Invoices companies such as KGK Jewelry, Zen and Jewel Goldi over hundred thousand ( see Exhibit D)

58.    Under penalty of perjury, the Debtor certified that his schedules file here in were true and correct to the best of Debtor's knowledge, information and belief, when in truth and fact, as the Debtor then well knew, the schedule B, No.13 omitted any reference to his testimony at creditor meeting on September 8, 2008 regarding S & Y Diamond of New York (see Exhibit E).

59.    As   provided in 28 U.S.C. §1746, such certification had like force and effect as an oath.

60.    Defendant has knowingly and fraudulently, in claim or connection with the case made false oath.

61.    The discharge of the defendant should therefore be denied under § 727(a)(4)(A).

### AS AND FOR A EIGHTH  CAUSE OF ACTION

62.    The Plaintiff repeats and realleges each and every allegation contained in the paragraphs of this complaint marked and numbered "1" thought "61" as if set forth herein at length.

63.    Defendant has failed to explain or provide the Plaintiff with sufficient information for the plaintiff to ascertain the deficiency of debtor's assets to meet the debtors liabilities.

64.    The Defendant failed to explain or prove the Plaintiff with following:

(a).    Defendant's summery of schedules, since  Debtor might  lost just $1000.00 on February 15, 2006 and the Debtor did not filed some other companies names and the Plaintiff's name and amount on his schedule F.

(b).    Over hundreds thousands dollars  merchandise Debtor took after February 15 2006 from other companies.

( c).    The  merchandise that Plaintiff gave (via  memorandums/invoices) to T.I.E,  Debtor commingle those merchandise  to other company( S & Y Diamond of NY)  he is running it .

65.    The discharge of the Debtor should therefore be denied under§ 727(a)(5) of the bankruptcy Code.

WHEREFORE, Plaintiff respectfully prays that the court deny the discharge of the

Debtor [pursuant U.S. Bankruptcy Code  sections 727(a)(4)(A), 727(a)(5), 523(a)(2)(A) ,523(a)(4)

,523(a)(6)], and deny the dischargeability of the debt due and owing from Debtor to the Plaintiff,

and enter Judgment against debtor and in favor of the Plaintiff base on fraud committed by

debtor and debt due and owing from debtor to the Plaintiff, together with any and all interest

and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        November 1, 2006

                                By: KGK Jewelry Anu Sa
                                    **KGK Jewelry**
                                    44 W 44th Street #13 Floor
                                    New York, NY 10036



# KGK Jewelry LLC

36 West 44th Street, 13th Floor
New York, NY 10036.

**Phone # (212) 893-8080/8082      Fax # (212) 893-8083**
Email : jewnv@kgkgroup.com

## MEMO

TURKMENISTAN IMPORT EXPORT INC.,
579, 5TH AVENUE, Suite # 800
NEW YORK, NY 10017.

MEMEO #   : 000864
SENT THRU : HAND DELIVERY
AIRWAY BILL # :
**BRINKS BAG # :**
DATED : 02/02/2006

| S.NO. | STYLE # | CONT. # | DESCRIPTION | QTY. | PRICE | TOTAL VALUE |
|---|---|---|---|---|---|---|
| 1 | 15069095 | BB0044 | EAR RINGS | 3 | $250.00 | $750.00 |
| 2 | 16353043 | BB0039 | PENDANTS | 7 | $351.00 | $2,457.00 |
| 3 | 14429575 | BB0076 | EAR RINGS | 4 | $183.00 | $732.00 |
| 4 | 16337511 | BB0055 | EAR RINGS | 20 | $320.00 | $6,400.00 |
| 5 | 15559768 | BB0004 | PENDANTS | 15 | $300.00 | $4,500.00 |
| 6 | 16331159 | BB0042 | RINGS | 10 | $491.00 | $4,910.00 |
| 7 | 15659803 | BB0095 | RINGS | 13 | $630.00 | $8,190.00 |
| 8 | 15295652 | BB0073 | BANGLES | 5 | $1,122.00 | $5,610.00 |
| | TOTAL | | | 77 | | $33,549.00 |

TOTAL US DOLLARS THIRTY THREE THOUSAND FIVE HUNDRED FORTY NINE ONLY.

The Diamonds OR Colored Stones herein invoiced have been purchased from legitimate sources not involved in funding conflict & in compliance with United Nations Resolutions . The seller hereby guarantees that these Diamonds OR Colored Stones are conflict free based on personnal knowledge and / or written guarantee provided by the supplier of these Diamonds OR Coloured Stones.

**For KGK Jewelery LLC**
**Authorised Signatory**

# PART 1 REPORT

| YEAR 2006 | DIST./OCC 6 | D.C. SEQ NO. 010057 | SECTOR I | | DATE 02/15/2006 |
|---|---|---|---|---|---|

| CRIME OR INCIDENT CLASSIFICATION **Theft From Vehicle - Not Accessory- Over $200** | | CODE 0614 | DRUGS | DOMESTIC |
|---|---|---|---|---|

| LOCATION OF OCCURRENCE **01 N 11TH ST** | BUSINESS NAME | Out | PREM. TYPE **053 (Highway, Public Street)** |
|---|---|---|---|

| DATE OF OCCUR. **02/15/2006** | DAY CODE **3** | TIME OF OCCUR. **03:15 PM** | | NATURE OF INJURY |
|---|---|---|---|---|

| COMPLAINANT (LN, FN) **KAVIANOR, YUDA** | AGE **53** | RACE **White** | LATINO | SEX **Male** |
|---|---|---|---|---|

| ADDRESS **809-64 rd, regopark ny** | PHONE (HOME) **(347) 526-0805** | PHONE (BUSINESS) **(212) 980-7777** |
|---|---|---|

| WITNESS | ARREST | WEAPON | | UNIT CODE | INV. CONT. |
|---|---|---|---|---|---|

DESCRIPTION OF INCIDENT (Include description of Crime Scene if Applicable - Do not use Abbreviations)

**nk per entered comp's 2005 honda accord ny#bhz5825 thru unlocked oor and took bag w/jewelry. scene process by#614 3 prints lifted.**

OFFENDER INFORMATION

| Last Name | First Name | Race | Sex | Age Group | Age | Comments/Description |
|---|---|---|---|---|---|---|
| | | | | | | |

| OFFENDER VEHICLE DESCRIPTION | STATE TAG COLOR | TYPE MAKE MODEL |
|---|---|---|

| PROPERTY TAKEN **jewelry** | PROP. CODE **4 (Jewelry, Precious Metals )** | INSURED | STOLEN VALUE **$1,000** |
|---|---|---|---|

ZRN

Turkmenistan Imports

№ 09084

3/1/06

1100

18 pcs.   $38635
-25%      9660
         _____
         $28979.1

Old— 22158 $
new 51137 $

255

Lab colors
from C3 ...





**ROSY BLUE FINE INC.**
529 FIFTH AVENUE,
New York, NY 10017

www.rosyblue.com
646-264-3434    phone
646-264-3435    fax
rbfine@rosyblue.com

Invoice #  : 6771
Date        : 02/17/2006
Memo Date :
Due date  : 04/17/2006
Terms      : 60 DAYS

# INVOICE

| Sold To : 116977 | Ship To : 116977 |
|---|---|
| Turkmenistan Import-Export Inc. | Turkmenistan Import-Export Inc. |
| 579 FIFTH AVENUE #800 | 579 FIFTH AVENUE #800 |
| New York NY 10017 | New York NY 10017 |
| Ph: 212-980-7777          Fax: | Ph: 212-980-7777          Fax: |
| | Ship Via : NA |

| Order # & Date : | 02/17/2006 | Sales Person : NA |
|---|---|---|

| # | Category Lot # | Item # SubLot # | Order/ Memo # | Description | Weight /Pcs | Price /Unit | Disc (%) | Net Amt |
|---|---|---|---|---|---|---|---|---|
| 1 | +11.5 CC1 | .10 | | +11.5 CC1 | 10.65 | 695.00 | | 7,401.75 |
| 2 | GID-SEREI | NA | | RD  E  SI1   Cert #: 14357219 (N-14) | 1.15 | 4,950.00 | | 5,692.50 |
| 3 | GID-SEREI | NA | | RD  G  SI2   Cert #: 14357164 (N-37) | 1.14 | 3,825.00 | | 4,360.50 |
| 4 | GID-SEREI | NA | | RD  F  SI1   Cert #: 14357226 (N-31) | 1.17 | 4,725.00 | | 5,528.25 |
| 5 | GID-SEREI | NA | | RD  F  VS2  Cert #: 13695854 (N-20) | 1.15 | 5,775.00 | | 6,641.25 |

**Page Total:**  15.26                    29,624.25

na

| | | |
|---|---|---|
| SubTotal | $ | 29,624.25 |
| Tax (0.00%) | | |
| Ship/Ins | | |
| Discount | | |
| Others | | |
| Grand Total | $ | 29,624.25 |

1 of 1

For any product fabricated from rough diamonds mined from January 1, 2003 onward, the seller warrants that the diamonds have been purchased from legitimate sources not involved in funding conflict and are in compliance with the United Nations Resolutions. The seller guarantees that the Diamonds are Conflict Free, based on personal knowledge and/or written guarantees provided by the supplier of these diamonds. For any product fabricated from rough diamonds mixed prior to January 1, 2003, the seller warrants that conflict diamonds will not be knowingly sold and that, to the best of their ability will undertake reasonable measures to help prevent the sale of conflict diamonds in this country.

WE CERTIFY THAT THE DIAMONDS LISTED ON THE INVOICE ARE NOT CLARITY ENHANCED. INTEREST WILL BE CHARGED AT 18% PER ANNUM ON ALL PAST DUE BALANCES FOR RESALE



# MEMORANDUM

**rosyblue**
More than Diamonds

**Rosy Blue Fine Inc.**
529 FIFTH AVENUE, 12TH FL, NEW YORK, NY 10017
TEL: (646) 264-3434   FAX: (646) 264-3435

DATE 2/16/06
ORDER #
SHIPPED BY

21790

CONSIGNEE
TURK NEDITAN
IMPORT EXPORT
579, 5TH AVE MN936

| SR NO | DIAMOND STOCK # | DESCRIPTION | SIZE | COLOR | CLARITY | PCS | CT. WT | $/CT | TOTAL DIA COST | FOR OFFICE USE ONLY RETURN CT WT | KEPT CT WT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | GIA N20 | 136.908 14 | | F | VS2 | | 1.8c | 5775. | | | 1.8 |
| 2 | GIA N14 | 14.357.219 | | E | SI2 | | 1.55 | 4850 | | | 1.5 |
| 3 | GIA N37 | 14.357 16.4. | | G | VS2 | | 1.14 | 3825. | | | 1.4 |
| 4 | GIA N37 | 14.357.226 | | E | SI0 | | 1.17 | 4825 (4725) | | | 1.7. |
| 5 | | | | | | | | | | | |
| 6 | | | | | | | | | | | |
| 7 | | | | | | | | | | | |
| 8 | +11.5000 | | | 450000 | | | | | | | |
| 9 | | | | | | | | | | | |
| 10 | | | | | | 1/10 | 10.61 | 695 | $ 22222.50 | | 10.84 |
| TOTAL | | | | GIA Ave | | | | | | | |

THE ABOVE PRICES ARE LOT PRICES.

SIGNATURE

*For any product fabricated from rough diamonds mined from January 1, 2003 onward, the seller warrants that the diamonds have been purchased from legitimate sources not involved in funding conflict and are in compliance with United Nations Resolutions. The seller hereby guarantees that the diamonds are conflict free, based on personal knowledge and/or written guarantees provided by the supplier of these diamonds.

For any product fabricated from rough diamonds mined prior to January 1, 2003 the seller warrants that conflict diamonds will not be knowingly sold and that, to the best of their ability will undertake reasonable measures to help prevent the sale of conflict diamonds in the country.

**IMPORTANT:  WHILE IN YOUR POSSESSION AND UNTIL RECEIVED BY US THESE GOODS ARE AT YOUR RISK FOR INSPECTION.
KINDLY RETURN BY REGISTERED MAIL FULL INSURED.**

Kindly report memorandums sent to you within 7 days upon receipt. A finance charge of 18% per annum, on the total value of merchandise sent, will be levied on overdue memorandums and invoices.

Acceptance of goods implies unconditional acceptance of the above terms.

**READ THE AGREEMENT ON THE REVERSE SIDE BEFORE SIGNING**

ORIGINAL



TURKMENISTAN IMPORT-EXPORT INC

2368

Date 05/07/06

Pay to the order of Zen

Twenty two thousand one hundred fifty eight %00 Dollars

$ 22,158.00

HSBC

HSBC Bank USA, N.A. New York, NY 10017-1161

For

⑈8289 and 8288

⑈00 2368⑈ ⑆02100 ⑉088⑈ 6⑈97297775⑈

# A. GOLDI INC.

**2 WEST,46TH STREET, SUITE 1108**
**NEW YORK, NY 10036.**
**Phone: (212) 398-6130**
**Fax:    (212) 398-6145**

# Invoice

| DATE | INVOICE # |
|------|-----------|
| 2/10/2006 | 05-36 |

ro

I AVE SUITE# 800
RK NY. 10017
-7777

| P.O. NO. | TERMS | DUE DATE |
|----------|-------|----------|
| . | . . | 4/11/2006 |

| LOT NO. | ITEM | DESCRIPTION | CARATS | RATE | AMOUNT |
|---------|------|-------------|--------|------|--------|
| F VS1 | Diamond | | 2.05 | 12,080.00 | 24,764.00 |
| H VS2 | Diamond | | 2.02 | 9,280.00 | 18,745.60 |
| G VS1 | Diamond | | 1.2 | 6,084.00 | 7,300.80 |

our business.

| | **Total** | **$50,810.40** |
|---|-----------|----------------|

REIN INVOICED HAVE BEEN PURCHASED FROM LEGITIMATE SOURCES NOT INVOLVED IN FUNDING CONFLICT
E WITH UNITED NATIONS RESOLUTIONS.THR SELLER HEREBY GURANTEES THAT THESE DIAMONDS ARE
ASED ON PERSONAL KNOWLEDGE AND /OR WRITTEN GURANTEES PROVIDED BY THE SUPPLIER OF THESE

ZEN

Turkmenistan Imports

№ 09084

3/1/06

1100

18 pcs    $386.35
-25%       9660
        $28979.1

Old-22158 $
New 51137 $

from CS E.F.C.C



# KGK Jewelry LLC

36 West 44tn Street, 13th Floor
New York, NY 10036.

Phone # (212) 893-8080/8082    Fax # (212) 893-8083
Email : jewnv@kgkgroup.com

MEMO

TURKMENISTAN IMPORT EXPORT INC.,
570, 5TH AVENUE, Suite # 800
NEW YORK, NY 10017.

MEMEO #    : 000864
SENT THRU : HAND DELIVERY
AIRWAY BILL # :
BRINKS BAG # :
DATED : 02/02/2006

| S.NO. | STYLE # | CONT. # | DESCRIPTION | QTY. | PRICE | TOTAL VALUE |
|---|---|---|---|---|---|---|
| 1 | 15009095 | BB0044 | EAR RINGS | 3 | $250.00 | $750.00 |
| 2 | 16338945 | BB0069 | PENDANTS | 7 | $351.00 | $2,457.00 |
| 3 | 14429575 | BB0076 | EAR RINGS | 4 | $183.00 | $732.00 |
| 4 | 16937511 | BB0055 | EAR RINGS | 20 | $325.00 | $6,400.00 |
| 5 | 15559768 | BB0004 | PENDANTS | 15 | $300.00 | $4,500.00 |
| 6 | 16331159 | BB0042 | RINGS | 10 | $491.00 | $4,910.00 |
| 7 | 15659809 | BB0095 | RINGS | 13 | $630.00 | $8,190.00 |
| 8 | 15295652 | BB0073 | BANGLES | 5 | $1,122.00 | $5,610.00 |
| | TOTAL | | | 77 | | $33,549.00 |

TOTAL US DOLLARS THIRTY THREE THOUSAND FIVE HUNDRED FORTY NINE ONLY.

The Diamonds OR Colored Stones herein invoiced have been purchased from legitimate sources not involved in funding conflict & in compliance with United Nations Resolutions . The seller hereby guarantees that these Diamonds OR Colored Stones are conflict free based on personnal knowledge and / or written guarantee provided by the supplier of these Diamonds OR Coloured Stones.

For KGK Jewelry LLC
Authorised Signatory

# NYS Department of State

## 1. Division of Corporations

### Entity Information

Selected Entity Name: S & Y DIAMOND OF NY, INC.

Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | S & Y DIAMOND OF NY, INC. |
| **Initial DOS Filing Date:** | MAY 24, 2005 |
| **County:** | NEW YORK |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

S & Y DIAMOND OF NY, INC.
43 WEST 47 STREET, ROOM 404
NEW YORK, NEW YORK, 10036

**Registered Agent**

NONE

NOTE: New York State does not issue organizational identification numbers.

**Search Results** **New Search**

UNITED STATE BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

case No.1-06-42804- if

..................................................................................X

KGK JEWELRY,

Plaintiff (Creditor)

YUDA ZAVLANOV,

Defendant (Debtor)

..................................................................................X

------------------------------------------------

## ADVERSARY PROCEEDING

------------------------------------------------

**KGK Jewelry**

**36West 44th Street #13 Floor**

**New York, NY 10036**